UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILMER GUEVARA,<br><br>        Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>        Defendant. | Case No. 2:15-cv-00008-APG-PAL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 29) |

    Plaintiff Wilmer Guevara brings a Title VII claim for discrimination based on national origin, claiming that he was fired from his police officer job for conduct that earned white officers only a suspension. Defendant Las Vegas Metropolitan Police Department (LVMPD) moves for summary judgment on the grounds that Guevara fails to make a prima facie claim and, even if he did, LVMPD had a legitimate, race-neutral reason for the termination that Guevara cannot show is pretextual.

    Genuine issues of material fact preclude me from making either determination as a matter of law. Guevara offers significant evidence of similarities between his conduct and that of the suspended white officers. I therefore deny LVMPD's motion for summary judgment.

**I.    BACKGROUND**

    Guevara is a Hispanic LVMPD police officer. ECF No. 29 at 3. On April 4, 2012, Guevara told LVMPD dispatch that he was working in a certain area when in reality he was on vacation. *Id.* He apparently wanted to hide his whereabouts from his then-girlfriend, who also worked at LVMPD. *Id.* On June 28, 2012, he again called dispatch while on vacation to report that he was working, but this time requested that dispatch show him as assigned to another officer's car. *Id.* at 3–4.

When Guevara's misconduct was discovered, an investigation and disciplinary proceeding ensued. His direct supervisor recommended termination for "untruthfulness and egregious behavior," which was affirmed by a hearing board and finally approved by Sheriff Doug Gillespie. *Id.* at 4–5; ECF No. 34-2 at 7.

Guevara admits his conduct, but argues that white officers who committed similar misconduct only received 40-hour suspensions. He refers to two cases. In one, an officer falsely reported to dispatch on eight occasions as patrolling a general area when instead she was in an apartment having sex with a fellow officer. ECF No. 34 at 2. In the other case, two officers reported they were at family court when instead they took their patrol car on a joy ride to the Grand Canyon, where they were pulled over by local deputies for speeding. *Id.* Because both cases involved at least similarly egregious behavior—an officer misrepresenting to dispatch that he or she was on duty—Guevara argues there is no legitimate reason for his harsher punishment.

## II.   ANALYSIS

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "has the initial burden of showing the absence of a genuine issue of material fact." *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 863 F. Supp. 1237, 1239 (D. Nev. 1994) (citations omitted). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing version of events." *Id.* (citations omitted). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Id.* (citations omitted). The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

Here, LVMPD asserts Guevara cannot establish a prima facie case for discrimination based upon national origin. For Guevara to succeed on that claim, he must demonstrate: 1) he belongs to a protected class; 2) he was qualified for the job; 3) LVMPD subjected him to an

adverse employment action; and 4) similarly situated employees who are not members of his protected class were treated more favorably. *Chuang v. Univ. of Cal. Davis Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000).  LVMPD can rebut Guevara's prima facie case of discrimination by pointing to a legitimate, non-discriminatory reason for the adverse employment action. *Id.* at 1123–24.  If LVMPD does so, then Guevara may attempt to demonstrate this proffered reason is pretextual. *Id.*  A genuine issue of material fact concerning any of these proofs will defeat a motion for summary judgment.

Both parties agree Guevara is Hispanic, which is a protected class, and that his termination was an adverse employment action.  LVMPD's main argument focuses on the fourth element: it contends that the white officers who were suspended were not similarly situated to Guevara, thereby attempting to justify the disparate treatment.[1]  LVMPD argues that, by logging himself into another officer's car, Guevara put that officer at risk of being called to situations that demanded two officers—a factor not present in either of the comparison cases. ECF Nos. 29 at 8, 37 at 2–3.  Guevara responds that LVMPD overstates the danger to the officer, and that this does not meaningfully distinguish the untruthfulness or egregiousness of his case from the others.  He also contends that LVMPD undersells the dangerousness of the conduct of the officers in the other cases. ECF No. 34 at 5–7 (citing *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987) for the proposition that, in disparate discipline cases, the misconduct need only be "similar acts of wrongdoing of comparable seriousness," not identical).  LVMPD also offers the distinction that Guevara showed a "lack of remorse for his actions," whereas the officers in the other cases expressed remorse. ECF No. 29 at 4–5.  Guevara denies this, pointing to his testimony before the hearing board where he apologized at length for his actions. ECF No. 34 at 8.  Both sides offer evidence and detailed reasoning in support of their

---

[1] LVMPD also argues Guevara was not qualified for the job based on the conduct that led to his termination.  Guevara responds that white officers who committed similar misconduct were not deemed unqualified (i.e., they were only suspended, not terminated), so using his misconduct to defeat his prima facie case would end run the discrimination inquiry.  I agree; at a minimum, this is a fact question for the jury to resolve.

arguments, creating genuine issues of material fact that I cannot resolve in a motion for summary judgment.

These same issues of material fact also preclude me from ruling as a matter of law whether LVMPD's proffered reason is pretextual. *See Vasquez v. Cty. of Los Angeles,* 349 F.3d 634, 641 (9th Cir. 2003) ("A showing that the County treated similarly situated employees outside Vasquez's protected class more favorably would be probative of pretext.").

LVMPD has not carried its burden of showing no genuine issue of material fact exists either as to whether Guevara suffered prima facie discrimination or whether LVMPD's proffered non-discriminatory explanation was pretextual. LVMPD is not entitled to summary judgment.

### III. CONCLUSION

IT IS THEREFORE ORDERED that LVMPD's motion for summary judgment **(ECF No. 29) is DENIED**.

DATED this 8th day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE